IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAROL BUDDE<br><br>**Plaintiff,**<br><br>v.<br><br>WAL-MART PUERTO RICO, INC.;<br>JOHN DOE 1-10 and JANE DOE 1-10<br><br>**Defendants** | **Civil No. 2021cv1177**<br><br>Personal Injury; Diversity;<br>Jury Trial Demanded |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Carol Budde, by and through its undersigned counsel, respectfully states, alleges and prays as follow:

**I. JURISDICTION AND VENUE**

**1.** This Court has subject matter jurisdiction of this action pursuant to *28 U.S.C § 1332* as the amount in controversy exceeds $75,000, exclusive of interests and costs, and plaintiff and the defendants are citizens of different states. The Plaintiff sustained injuries to her face and brain and was admitted to the hospital in Puerto Rico and treated for traumatic brain injuries.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). All events related to the accident and injuries described herein took place within this district.

## II. THE PARTIES

3. At all relevant times herein, Plaintiff, Carol Budde, was and still is a resident of Colorado.

4. Defendant Wal-Mart Puerto Rico, Inc. (hereafter referred to as "Defendant" or "Walmart") is a corporation organized under the laws of Puerto Rico, with offices located at Río Caña Ward, Rd # 1 KM 28.7, Caguas, Puerto Rico 00725. It can be served with process by serving its registered agent: CT Corporation System, 361 San Francisco Street, 4th Floor, San Juan, PR 00901.

5. Upon information and belief, John and Jane Doe Defendants 1 through 10 are individuals, corporations, and other entities whose names and addresses are unknown to Plaintiff at this time, and who caused or contributed to the injuries and damages to the Plaintiff, but whose true identity and/or liability have not been ascertained at this time. Further, the fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject premises or store and/or manage the store and/or had a duty to make the store and/or premises safe and/or keep the store/premises free from and/or warn of defective conditions, such as those causing the injuries herein. All allegations and claims asserted herein

against any Defendants are incorporated herein by reference against John and Jane Does 1 through 10. Said John and Jane Does, when their true identities are known and their liability ascertained, will be identified by name and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

### III. FACTUAL ALLEGATIONS

6. At all times mentioned herein, Defendant, Wal-Mart, Puerto Rico Inc., owned and operated a Walmart store at the municipality of Hatillo, Puerto Rico.

7. On or about December 7, 2020, the Plaintiff was a business invitee of Walmart Hatillo store.

8. Plaintiff entered the premises of Walmart Hatillo for the purposes for which it was held open – to shop and do business with Walmart. She was shopping with her son in a lawfully, careful and prudent manner within the store.

9. Meanwhile, a Walmart employee was moving a pallet of cooking oil bottles inside the store. One or more of the containers in the pallet were leaking oil as the employee moved the pallet thereby spreading oil on the store's floor.

10. There were no signs or warnings to patrons advising that the floor presented a dangerous condition that could alert

Plaintiff or other patrons of the presence of cooking oil on the floor.

11. As Plaintiff continued to carefully walk through one of the store's isles, suddenly and without notice or warning to the Plaintiff, she slipped on the cooking oil and fell face-first on the concrete floor thereby suffering a traumatic brain injury and cutting her forehead.

12. Walmart employees told Plaintiff and her son how sorry they were and prepared an accident report.

13. Plaintiff was transferred to the emergency room at Hospital Metropolitano Dr. Susoni. After undergoing four (4) CT scans of her brain, Plaintiff was diagnosed with a traumatic brain injury that resulted from her accident at the Walmart Supercenter in Hatillo.

14. The next day, Plaintiff woke up with two (2) black-eyes and hematomas all over her face which took weeks to heal.

15. Plaintiff is still suffering from headaches that are proximately caused by the injuries she suffered due to Walmart's negligence.

16. At all times mentioned, Walmart was operating the Walmart Hatillo store and extended an invitation to the public to come into the store for the purpose of doing business with it.

17. Walmart, at all times mentioned, had control of various or all portions of the store, including the appurtenances, the floors and entrance ways in the premises.

18. As a direct and proximate result of the negligence Walmart, Plaintiff was incapacitated and sustained severe and permanent injuries and scars to her forehead.

19. These occurrences and injuries occurred solely as a proximate result of Walmart's negligence, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, without any negligence on the part of the Plaintiff contributing thereto.

20. Defendants, at the time of the accident mentioned, negligently and carelessly permitted the floor in the premises, and more particularly the area where plaintiff slipped and fell, to become and remain in a dirty, wet, slippery, negligent, defective, and a dangerous condition, and failed to place warning signs or cover the surface with something dry, and Defendants had actual and constructive notice of the dangerous condition of the floor.

21. The negligence of Defendants, in addition to that hereinabove alleged, consisted of:

   a. Failure to warn of the dangerous condition on the premises;

b. Failure to eliminate the source of oil creating the dangerous conditions on the premises;

c. Failure to clean and dry the oily floor at the premises;

d. Failure to place mats, absorbent pads, or other materials that would prevent people from slipping and falling on the oily floor of the premises;

e. Among other negligent acts, omissions, and breaches of duties which will be proved at trial.

22. As a direct and proximate result of Defendants' negligence, Plaintiff has experienced physical impairment, disfigurement, mental anguish, and pain and suffering in the past. Plaintiff will continue to experience physical impairment, disfigurement, mental anguish, and pain and suffering in the future.

23. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred medical expenses in the past and, in reasonable medical probability, will incur additional medical expenses in the future.

## Count I: Negligence

24. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

25. Defendants have a non-delegable duty to maintain the store premises is a safe condition.

26. Upon information and belief, the wet, oily and slippery condition of the floor was a known by Defendants.

27. The floor on the premises where Plaintiff fell posed a serious hazard to her and other patrons in that it was oily and slippery.

28. Defendants have a duty to protect patrons against the risk of dangerous conditions existing on the premises.

29. At all relevant times herein, Defendants knew of, or by exercise of reasonable care should have discovered the dangerous condition that caused Plaintiff's injuries.

30. Plaintiff had no pre-existing conditions which could have been aggravated by the accident described herein.

31. As a direct and proximate result of said negligence of Defendants, the plaintiff was injured in her health, strength, and activity, sustaining injury to her head and face, all of which said injuries have caused and continue to cause the plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent pain and disability to the plaintiff, to her general damage in the sum of $250,000.00.

## Count II: Vicarious Liability

32. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

33. At all relevant times herein, Defendants knew of, or by exercise of reasonable care should have discovered, the dangerous condition that caused Plaintiff's injuries and failed to address the foreseeable risks described herein.

34. Defendants are vicariously liable for the negligent harm caused by their employees in the performance of the work as Plaintiff's harm was a risk foreseeable by Defendants.

### Count III: Medical Expenses

35. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

36. As a further direct and proximate result of the negligence of Defendants as herein alleged, the Plaintiff has and will pay and incur reasonable and necessary expenses for ambulance, medicines, doctors' bills, nursing, hospitalization, therapy, medical supplies and equipment, and medical care.

37. Plaintiff is entitled to compensation for reasonable and necessary expenses for ambulance, medicines, doctors' bills, nursing, surgeries, hospitalization, therapy, medical supplies and equipment, and medical care, paid by third parties under the collateral source rule.

38. Plaintiff is informed and believes, and therefore alleges, it will be necessary for her to have additional medicines, nursing, hospitalization, medical and surgical care, and treatment in the future, the exact nature and cost of which

is unknown and cannot at this time be ascertained, and the Plaintiff requests leave to amend this pleading and state the cost and value thereof when same shall have been determined.

### Jury Trial Demanded

**39.** Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff demands that judgment in the amount of $250,000.00 be entered against defendants for all damages claimed herein, plus interest, costs, attorneys' fees and any other remedy to which she may be entitled under law or equity.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 21st day of April 2021.

s/ Alberto J. Castañer-Padró
Alberto J. Castañer-Padró
USDC 225706
**Castañer & Cía PSC**
MAI Center
Marginal Kennedy
771 Calle 1, Ste 204
San Juan PR 00920
Fax 1 888 227 5728
Tel 787 707 0802
alberto@castanerlaw.com
